No. 79–5114.   WARREN *v.* MISSISSIPPI.   Sup. Ct. Miss. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN and MR. JUSTICE STEWART join, dissenting.

I dissent from the denial of certiorari.   Here, while on their way to investigate a reported disturbance and possible burglary in progress, squad car officers encountered a pedestrian, the petitioner, a block or two from the reported disturbance.   He was splattered with blood and had a bloody hand.   He explained that he had been in a fight in a nightclub and was headed for home.   Some of his answers apparently were improbable, for the officers placed him in the squad car and proceeded to their destination, where investigation immediately revealed the victim of a brutal and bloody murder.   When a detective arrived, he placed petitioner under arrest, took him to the police station and sent his clothes to a laboratory for examination.   He was later charged with murder.   Because he thought petitioner's initial detention had been unlawful, the trial judge suppressed any evidence which was gathered between the time petitioner was first placed in the squad car and the time he was formally arrested. Finding, however, that once the murder had been discovered there was probable cause for the arrest, he refused to suppress the petitioner's clothes, the results of their examination, and any other evidence that was the fruit of the arrest.   Petitioner was convicted.

The Supreme Court of Mississippi affirmed, holding the challenged evidence admissible on the ground that it was the product of a proper investigative stop and detention, rather than on the ground of a valid arrest based on probable cause.

The latter would be defensible; but the former, as I understand the holding, cannot be squared with our relevant cases, the most recent being *Dunaway* v. *New York,* 442 U. S. 200 (1979), which was not issued until after the decision below. It is frequently said that we review judgments, not opinions, and it is true that certiorari is sometimes denied when a judgment can be defended on a ground not relied on by the court below. But to avoid possible misapprehension by Mississippi law enforcement officers that investigative detentions on less than probable cause are constitutionally acceptable, I would at least vacate the judgment of the Mississippi Supreme Court and remand it to that court for reconsideration in the light of *Dunaway* v. *New York, supra.*